UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-01242-MTS |
| ) | |
| PLATINUM HOME MORTGAGE, CORP. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff CitiMortgage, Inc.'s ("CMI") Motion to Amend Judgment. The Motion is fully briefed and ready for adjudication. For the reasons stated herein, the Court will grant the Motion in part.

I. **Background**[1]

The Court recently granted Summary Judgment to Plaintiff CMI in this case and awarded it a total of $995,755.43 on seven loans the Court concluded Defendant Platinum Home Mortgage, Corp. ("Platinum") was required to repurchase from CMI. Docs. [302] & [303]. After the Court granted CMI's Motion for Summary Judgment, CMI timely filed the present Motion seeking to amend the Judgment to add an award of prejudgment interest pursuant to Mo. Rev. Stat. § 408.020. Doc. [307].[2]

CMI requested "pre-judgment interest" in its Complaint filed in 2015. Doc. [1]. It did not, however, explicitly request prejudgment interest in its successful Motion for Summary

---

[1] For a more detailed discussion of the facts, see other opinions discussing this matter. *CitiMortgage, Inc. v. Platinum Home Mortg., Corp.*, No. 4:15-cv-01242-MTS, 2021 WL 663143, at *1 (E.D. Mo. Feb. 19, 2021); *CitiMortgage, Inc. v. Platinum Home Mortg., Corp.*, 915 F.3d 501, 502 (8th Cir. 2019).
[2] Prior to CMI filing its Motion to Amend, Platinum filed a Notice of Appeal. Docs. [305] & [306]. A notice of appeal filed after entry of judgment but before disposition of post-judgment motions is ineffective until the entry of the order disposing of the last outstanding motion. *See* Doc. [308].

Judgment.  Doc. [273].  But in its original Motion for Summary Judgment, it requested "other and further relief as the Court deems proper," Doc. [117] at 3, and CMI incorporated the briefing from its original Motion for Summary Judgment into its Renewed Motion for Summary Judgment, Doc. [273] at 2.  Platinum does not oppose amendment or the prejudgment interest issue on procedural grounds, and the Court finds amending the judgment to add prejudgment interest, if otherwise appropriate, would be procedurally proper under Fed. R. Civ. P. 59(e).  *See Jacobson Warehouse Co. v. Schnuck Mkts., Inc.*, No. 4:17-cv-00764-JAR, 2020 WL 833606, at *2 (E.D. Mo. Feb. 20, 2020) (discussing Rule 59(e) and amending judgment to award prejudgment interest).

Platinum opposes the Motion on two grounds.  Doc. [309].  First, it argues that the claims at issue "were neither liquidated [n]or reasonably ascertainable," which would preclude an award of prejudgment interest.  *Id.* at 1–2.  Second, in the alternative, Platinum argues that, if CMI is entitled to prejudgment interest, then it should be for a "substantially lesser amount calculated from the date that CMI actually disclosed sufficient information to constitute a meaningful demand" because CMI did not include "any specific demand amount" in the Final Repurchase Letters it regards as the demand.  *Id.* at 2 (emphasis omitted).

**II.**    **Discussion**

State law governs the issue of prejudgment interest in diversity actions.  *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 735 F.3d 993, 1004 (8th Cir. 2013).  Missouri law provides that "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made."  Mo. Rev. Stat. § 408.020.  "The purpose of statutory prejudgment interest is to promote

settlement of lawsuits and fully compensate plaintiffs by accounting for the time-value of money." *Comens v. SSM St. Charles Clinic Med. Grp.*, 335 S.W.3d 76, 80 (Mo. Ct. App. 2011); *accord McCormack v. Stewart Enters.*, 956 S.W.2d 310, 314 (Mo. Ct. App. 1997).  "Missouri courts award prejudgment interest if three elements are met: '(1) the expenses must be due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due.'" *Barkley, Inc. v. Gabriel Bros.*, 829 F.3d 1030, 1039 (8th Cir. 2016) (quoting *Jablonski v. Barton Mut. Ins.*, 291 S.W.3d 345, 350 (Mo. Ct. App. 2009)).  The Court previously found that the expenses at issue were due, establishing the first element.

      *a. Liquidated or Reasonably Ascertainable Amount*

To obtain prejudgment interest on a claim, the claim must either be liquidated or of a reasonably ascertainable amount.  Missouri courts will not award prejudgment interest on an unliquidated claim or a claim for an unascertainable amount "for the reason 'that where the person liable does not know the amount he owes he should not be considered in default because of failure to pay.'" *Ohlendorf v. Feinstein*, 670 S.W.2d 930, 935 (Mo. Ct. App. 1984) (quoting *Fohn v. Title Ins. of St. Louis*, 529 S.W.2d 1, 5 (Mo. banc 1975)); *accord Jablonski*, 291 S.W.3d at 350 (noting prejudgment interest unavailable on unliquidated claims "because the defending party does not know the amount owed and, thus, is not in default for failing to pay.").  Put simply, Missouri courts do not award prejudgment interest in cases where the measure of damages "is not clear" or is "disputed and uncertain." *Am. Eagle Waste Indus., LLC v. St. Louis Cty.*, 379 S.W.3d 813, 835 (Mo. banc 2012).

Here, Platinum argues that CMI's claims were not "liquidated or reasonably ascertainable because of major disputes over both the proper measure and amount of damages." Doc. [309] at

1–2.  But a mere disagreement over the amount of damages does not preclude prejudgment interest because "damages may be ascertainable even if there is a dispute over monetary value or the parties' experts compute different estimates of the loss." *Jablonski*, 291 S.W.3d at 350.  And the Court disagrees that a "major dispute[]" existed over "the proper measure" of damages.  The contract at issue explicitly provided for the measure of amount of damages, the Repurchase Price formula.  Doc. [120-8] at § 2301; *see also* Doc. [302] at 4.  In other words, "the damages were [ ] readily ascertainable by computation using the parties' agreed-upon" method.  *See Scott v. King*, 510 S.W.3d 887, 895 (Mo. Ct. App. 2017); *accord Ehrle v. Bank Bldg. & Equip. Corp. of Am.*, 530 S.W.2d 482, 496 (Mo. Ct. App. 1975) ("An amount is sufficiently liquidated for the purpose of allowing prejudgment interest thereon if the amount is readily ascertainable by computation or by determination according to a recognized standard.").

While the Court finds that damages were readily ascertainable since the parties explicitly agreed on the Repurchase Price formula, Platinum lacked the data necessary to complete the formula for some time.  Thus, while damages could have been ascertained, Platinum could not have ascertained them from the beginning.  *See* Doc. [312] at 6 (CMI arguing Platinum "failed to ask CMI for a specific amount or to ask CMI for information to use in calculating what it thought the amount should be under the Repurchase Price formula.").

CMI argues that it "was well within Platinum's capability to investigate and ascertain the amount" and faults Platinum for making "no effort" to do so.  Doc. [312] at 6.  In support, CMI cites *Columbia Mutual Insurance Co. v. Long*, in which the Missouri Court of Appeals found prejudgment interest was proper where an insurance company "denied liability and failed, for over four years, to fully investigate" an insured's loss.  258 S.W.3d 469, 480 (Mo. Ct. App. 2008).  There, though, the insured "repeatedly" asked the insurance company to investigate, and

the insurance company "declined an opportunity to examine the [insured's] records" that detailed the amount at issue. *Id.* The court later noted that while the insured sought "to ascertain the exact loss by auditing [its] records," the company "took no part" in it. *Id.* at 480 n.9. Such was not the case here.

The court in *Columbia Mutual* noted Missouri's rule that "where the person liable does not know the amount he owes he should not be considered in default because of failure to pay." *Id.* (citing *Fohn*, 529 S.W.2d at 5). Platinum did not possess the information necessary to calculate the Repurchase Price. CMI would have known that Platinum lacked the information and would therefore not know the amount it owed. The Court will not award prejudgment interest during the time Platinum lacked the information necessary to calculate the Repurchase Price. *Cf. Chouteau Auto Mart, Inc. v. First Bank of Mo.*, 148 S.W.3d 17, 28 (Mo. Ct. App. 2004) (allowing prejudgment interest where records made claim amount ascertainable and records "*were in [defendant's] possession*" (emphasis added)); *see also Catron v. Columbia Mut. Ins.*, 723 S.W.2d 5, 7 (Mo. banc 1987) ("The courts may also consider equitable principles of fairness and justice when awarding prejudgment interest.").

    b. *Sufficiently Definite Demand*

The Court must determine when the amount became reasonably ascertainable to Platinum through information to which it had access or through a sufficiently definite demand. Platinum argues prejudgment interest should be measured, if at all, from either August 13, 2015 or May 26, 2016—the former being the day CMI filed the Complaint in this case and the latter being what Platinum calls the "better date" on which CMI "finally produced sufficient information in discovery to potentially constitute a meaningful demand." Doc. [309] at 8–9. Under section 408.020, "a demand for payment must be made to trigger a claimant's entitlement to

prejudgment interest." *Chouteau Auto Mart*, 148 S.W.3d at 27; *see also* § 408.020 (allowing prejudgment interest "after" . . . "demand of payment is made"). A demand must be "sufficiently definite" to make the amount due "readily ascertainable." *Brown v. Donham*, 900 S.W.2d 630, 633 (Mo. banc 1995).

Missouri's courts have found that the filing of a suit can constitute a demand and start the prejudgment interest-bearing period. *See, e.g.*, *Rois v. H.C. Sharp Co.*, 203 S.W.3d 761, 767 (Mo. Ct. App. 2006); *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 397 (Mo. Ct. App. 1998). The filing of a suit, though, does not automatically constitute a definite demand. *Cf. Chouteau Auto Mart*, 148 S.W.3d at 28 (noting an amended petition was "sufficiently definite as to amount and time to constitute a demand for payment under section 408.020"). Platinum argues that CMI's Complaint provided "[l]ittle [n]ew [i]nformation," Doc. [309] at 3, and the Court agrees. The Complaint did not state the Repurchase Price for any of the loans or provide any of the numeric amounts Platinum needed to calculate the Repurchase Price using the agreed upon formula. Rather, it provided an estimate of the total Platinum owed for all the loans, praying for an amount "in excess of $1.2 million,[3] excluding interest and other amounts." Doc. [1] ¶ 33.

The Court concludes CMI's Complaint itself was not sufficiently definite to constitute a demand for payment under section 408.020, and it agrees with Platinum that CMI's demand became sufficiently definite during discovery. *See* Doc. [309] at 9–10. Platinum has submitted May 26, 2016 as the date on which CMI provided "sufficient information" to Platinum, *id.* at 9, and Platinum supplied the Court with the relevant document from discovery and an affidavit of its counsel regarding the document, Docs. [310], [311]. While CMI in its Reply disagreed and

---

[3] The Court entered Judgment for CMI on the seven loans for a total of $995,755.43. *See* Doc. [302].

maintained its position that prejudgment interest should be awarded from the time it sent its Final Repurchase Letters prior to filing suit, it did not dispute Platinum's assertion regarding the May 26, 2016 discovery. Doc. [312]. That is, it did not argue that it provided that specific information at an earlier time. Thus, the Court will use Platinum's proposed date of May 26, 2016 as the start of the accrual of prejudgment interest. The Court counts 1730 days between that date and the date of judgment, February 19, 2021. In that time, with the statutory nine percent per annum interest, the Court calculates prejudgment interest at $424,789.27.[4]

## CONCLUSION

The Court amends its Judgment, Doc. [303], to award prejudgment interest at the statutory rate of nine percent per annum, through May 26, 2016, in the total amount of $424,789.27 in prejudgment interest to its previous award of $995,755.43, which remains, for a total of $1,420,544.70.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Judgment, Doc. [307], is **GRANTED** in part, consistent with this Memorandum and Order.

An Amended Judgment will accompany this Memorandum and Order.

Dated this 23rd day of April, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] $995,755.43 × 9% × 4.740 Years = $424,789.27. *See Jacobson Warehouse Co.*, 2020 WL 833606, at *5 ("The formula for calculating the amount of simple interest is Starting Amount × Annual Interest Rate × Time Period. Time is calculated yearly, using 365 days per year.").